**Mohamed Alam HAMZA, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

No. 06–2188–ag.

United States Court of Appeals, Second Circuit.

Dec. 28, 2006.

Visuvanathan Rudrakumaran, New York, NY, for Petitioner.

Thomas A. Marino, United States Attorney, Middle District of Pennsylvania, Stephen R. Cerutti II, Assistant United States Attorney, Harrisburg, PA, for Respondent.

PRESENT: Hon. WALKER, Hon. JOSÉ A. CABRANES and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Mohamed Alam Hamza, a native and citizen of Sri Lanka, seeks review of an April 13, 2006 order of the BIA affirming the November 2, 2004 decision of Immigration Judge ("IJ") Adam Opaciuch denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mohamed Alam Hamza,* No. A 97 149 817 (B.I.A. April 13, 2006), *aff'g* No. A 97 149 817 (Immig. Ct. N.Y. City Nov. 2, 2004).

When the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). The Court reviews *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). The Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, the Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

The BIA ruled, in substance, that the kind of harm Hamza experienced at the hands of the Sri Lankan military in November 2001 was sufficient to support a finding of past persecution if it had been inflicted as a result of one of the five grounds enumerated in the Act. The critical question in this case, therefore, is whether Hamza's interrogation, beating,

and imprisonment by the military were inflicted on account of political opinion. Hamza, whose testimony the IJ found "overall ... as being internally consistent and consistent with his written application," testified that he was interrogated, "beaten severely," and kept in an individual cell in the camp jail for four days, due to the military's suspicion that he had been aiding the Liberation Tigers of Tamil Eelam ("LTTE"). This credible testimony belies a conclusion that the military's acts of inflicting harm on the petitioner were undertaken only for the legitimate goal of either prosecuting him or obtaining information from him about the LTTE. Instead, the testimony also requires the conclusion that such acts were grounded, at least in part, in the military's belief that he was a political supporter of the LTTE. *See Osorio v. INS,* 18 F.3d 1017, 1028 (2d Cir. 1994) (persecution on account of a protected ground is not limited to "persecution *solely* on account of [that protected ground]"); *Matter of S–P–,* 21 I. & N. Dec. 486, 493–96 (BIA 1996). Hamza, therefore, properly established that the military's "motive to persecute" him arose in part from a political belief that was imputed to him. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 (2d Cir.2005); *Chun Gao v. Gonzales,* 424 F.3d 122, 129 (2d Cir.2005) ("[A]n imputed political opinion, whether correctly or incorrectly attributed, can constitute a ground of political persecution within the meaning of the Immigration and Nationality Act." (internal alterations and quotations omitted)). In doing so, Hamza was entitled to a presumption that he faced a threat of future persecution, 8 C.F.R. §§ 1208.13(b)(1), 1208.16(b)(1), and this presumption was not factored into the analysis undertaken by either the IJ or the BIA. For that reason this petition will be remanded to the BIA so that the evidence adduced with respect to the reasonableness of Hamza's fear of persecution both from the military

and from the LTTE may be analyzed with that presumption in mind.

■ Because this case is being remanded, we take this opportunity to point out several flaws in the IJ's analysis of that evidence causing the IJ to err in finding that certain factors undermined Hamza's fear of future persecution. First, the IJ improperly speculated that if the military officials had believed that Hamza was an LTTE supporter, those officials would have "questioned the other members of [ ]his business to determine whether or not any of them [had] any connection with ... the LTTE." Hamza suggested, through his testimony and the affidavits entered into evidence, that the military believed he was associated with the LTTE because he refused to continue helping the military identify LTTE members. There is nothing in the record to indicate that Hamza's business colleagues were similarly solicited by the military nor that they similarly refused to aid the military in identifying the LTTE members. Because there was no evidence that Hamza's business colleagues were in the same situation as Hamza, it was not reasonable for the IJ to assume that the military's failure to question those colleagues undercut Hamza's assertion that the military believed him to be an LTTE member.

In addition, regarding Hamza's fear of being persecuted by the LTTE because of that organization's perception that his politics were pro-military, contrary to the IJ's speculation, there is nothing in the record to suggest that the LTTE would have targeted Hamza's family in retaliation for their belief that Hamza was acting as a military informant. The IJ also mischaracterized the record in noting that the background material indicated that: (1) "the people that [the LTTE] have targeted happen to be politicians who have voiced an opinion against them"; and (2) "[a]

cease-fire accord was signed," which both the LTTE and the military were observing. The Country Reports indicate that, in addition to members of anti-LTTE political groups, the LTTE has also killed "alleged Tamil informants for the security forces." These reports state that violations of the cease-fire accord have increased; the truce is looking "increasingly fragile;" and "[s]ince the signing of the Agreement there have been tens of killings, abductions and other human rights abuses against civilians in Sri Lanka."

For the foregoing reasons, Hamza's asylum claim is remanded for further proceedings, and because his withholding and CAT claims rest on the same underlying facts and analysis, those claims are likewise remanded. It is further suggested that in evaluating Hamza's claims of well-founded fear, withholding of removal, and CAT relief, the agency should consider all of the relevant background evidence in the record, and how current conditions in Sri Lanka might bear on Hamza's claim.

Accordingly, Hamza's petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED. Any pending request for oral arguments is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).